IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TONY CURTIS ATWOOD | § | |
| | § | |
| V. | § | A-15-CA-314-LY |
| | § | |
| WILLIAM STEPHENS | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court are Petitioner's "Original Application for Writ of Mandamus" (Dkt. No. 1), Original Argument/Memorandum in Support (Dkt. No. 4), and motion to amend his memorandum ( Dkt. No. 5). Petitioner, proceeding pro se, has paid the $5.00 filing fee.

STATEMENT OF THE CASE

According to Petitioner, he was convicted of robbery and was sentenced to 20 years in prison, and his sentence began on August 24, 1991. He states he was released on mandatory supervision in 2002, but it was revoked in 2008, and he was returned to prison without credit for the time he spent on mandatory supervision. He argues his sentence should have been discharged on August 24, 2011, but the TDCJ - Correctional Institutions Division added "some 5 or 6 years" to the sentence. Petitioner requests the Court to order his immediate release.

In his motion to amend Petitioner requests 20 days to prepare or amend his memorandum or argument in support of his Application for Writ of Mandamus. More than 20 days has expired, and Petitioner has not provided the Court with an amended memorandum.

DISCUSSION AND ANALYSIS

Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. See 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. See generally Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); accord, Noble v. Cain, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing Moye to hold that mandamus relief is not available to federal courts to direct state officials in the performance of their duties and function). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the Court is without jurisdiction over Petitioner's Application for Writ of Mandamus.[1] Because the Court does not have jurisdiction over Petitioner's Application for Writ of Mandamus, Petitioner's motion to amend should be dismissed.

---

[1] The relief Petitioner seeks is actually habeas corpus relief. However, Petitioner has not exhausted his state court remedies. Although he has filed a state application for habeas corpus relief, it was dismissed because Petitioner had not exhausted his remedies by filing a time credit dispute at the prison  Accordingly, the Court does not recommend construing Petitioner's Application for Writ of Mandamus as an Application for Habeas Corpus Relief.

RECOMMENDATION

It is therefore recommended that Petitioner's "Original Application for Writ of Mandamus," be dismissed without prejudice for want of jurisdiction and Petitioner's motion to amend be dismissed.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of June, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE